DA 10-0585

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 139N

WAYNE ALLEN HIXON,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV-09-198
Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wayne Allen Hixon (Self-Represented), Shelby, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

                  Submitted on Briefs:  June 1, 2011

                          Decided:  June 14, 2011

Filed:

                      _____
                            Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Wayne Allen Hixon was charged in the Nineteenth Judicial District Court, Lincoln County, with deliberate homicide for shooting his neighbor, Bob Mast, with a shotgun, and with tampering with or fabricating evidence for taking the shell out of his shotgun and burning it in a woodstove. Hixon was convicted and sentenced to 60 years in the Montana State Prison on the deliberate homicide conviction and 5 years on the tampering conviction, to run consecutively. He appealed to this Court, arguing that the District Court had erred in denying his motion to suppress evidence and in denying his motion for a mistrial. We affirmed his convictions. *State v. Hixon*, 2008 MT 365, 346 Mont. 427, 197 P.3d 918.

¶3      Hixon then filed a Petition for Postconviction Relief in the District Court, alleging that his conviction was the result of ineffective assistance by his trial counsel. He also alleged that his appellate counsel had been ineffective for not raising his trial counsel's ineffectiveness as an issue on direct appeal. The District Court denied the petition, observing that Hixon had failed to set forth facts supporting the grounds for relief. Section 46-21-104(1)(c), MCA. Moreover, after reviewing the record, the District Court observed that "not only are Hixon's allegations conclusory, but in instance after instance,

2

when one takes the trouble to locate the portions of the transcript that address a particular allegation, questions that Hixon claims were never asked by his counsel were, in fact, asked, and points that Hixon claims were never made by his counsel were, indeed, made." The District Court determined that "the record simply does not match Hixon's allegations against his counsel." Because he had not shown that trial counsel was ineffective, the court reasoned that his claim of ineffective assistance by appellate counsel necessarily failed.

¶4     Hixon then filed an " 'Objection' Request for Rehearing" in which he contended that the District Court had failed to consider three important matters which, in his view, showed that trial counsel was ineffective. The District Court treated this document as an amended original petition under § 46-21-105(1)(a), MCA, and again denied relief. The court stated that Hixon's first two points were "based upon the flawed proposition that the State's inability to scientifically prove that the shotgun and shell were connected to Mast's murder necessarily proves that they were *not* connected with Mast's murder." The court further observed that Hixon's arguments were premised on the mistaken view that "each separate piece of circumstantial evidence must stand on its own as proof beyond a reasonable doubt of the defendant's guilt." The court explained that the facts relating to the shotgun and shell were "part of the mosaic of interconnected facts that the jury concluded proved Hixon's guilt beyond a reasonable doubt."

¶5     As to the third matter, Hixon alleged that the officer who applied for a warrant to search his vehicle committed "perjury" in the search warrant application. Specifically, the officer referred to a 2004 incident in which Hixon supposedly had "threatened"

3

someone with a shotgun at a campground. Hixon acknowledged that an altercation had occurred but that the other person (who reported the incident to the police but declined to press charges) had never said she felt "threatened" by Hixon. The District Court noted that defense counsel had successfully moved to exclude testimony regarding this incident. Furthermore, while Hixon claimed that trial counsel should have brought the officer's alleged "perjury" to the court's attention, Hixon did not explain how trial counsel should have used it. In this regard, the District Court observed that

> it would have been disastrous for [trial counsel] to attempt to cross examine [the officer] on the 2004 incident. That is the kind of misstep that prosecutors dream about. Nor can the Court conceive of any other way that it would have benefitted Hixon to get into an argument over whether it was accurate to characterize a drunken man [namely, Hixon] emerging from a pickup with a shotgun and firing into the trees as him having "threatened someone with a shotgun."

¶6 On appeal, Hixon contends that the District Court's analysis was incorrect for essentially two reasons. First, he claims that while trial counsel filed a motion to suppress on other grounds, counsel was ineffective for not also bringing to the District Court's attention the officer's alleged "perjury" in the search warrant application. Hixon opines that had counsel done so, the court would have suppressed the evidence gathered from the search of his vehicle and the State then would have had insufficient evidence to convict him. Also, he asserts that revealing the officer's misstatement about the 2004 incident would have undermined the officer's credibility as a witness as well as the credibility of the investigation into Mast's murder. Second, Hixon claims that trial counsel should have moved to dismiss the tampering charge for insufficient evidence. In his view, the prosecution's firearm and tool mark examiner actually "preclude[d]" the

4

shotgun as the murder weapon.[1] Thus, Hixon opines that had the motion to dismiss been made, the court would have granted it and the jury then would have viewed the remainder of the evidence in a light more favorable to him.

¶7 As to Hixon's first claim, the State responds that even if the District Court had been advised of the officer's alleged perjury, the court would not have suppressed the seized evidence in any event, because with the officer's statements about the 2004 incident excised from the search warrant application, there was still probable cause to issue the search warrant. Moreover, the State contends that an open challenge to the officer's use of the word "threatened" would only have highlighted Hixon's drunken conduct with a gun and not hurt the credibility of the overall investigation. As to Hixon's second claim, the State observes that defense counsel thoroughly cross-examined the firearm and tool mark examiner about his inability to identify the shotgun recovered from Hixon's cabin as the murder weapon or the spent shell recovered from Hixon's woodstove as the shell from which the fatal pellets were fired. The State further observes that the inability of the expert to say definitively that the shotgun and shell were used to kill Mast does not mean that the shotgun and shell evidence had no evidentiary value at all or left the State with no evidence to support the charges. As the District Court stated in its order on Hixon's amended petition, had trial counsel moved the court to dismiss for insufficient evidence, the motion would have been denied.

---

[1] This is *not* an accurate recounting of the expert's testimony. The expert testified that a 12-guage shotgun was used to murder Mast. While he could not say it was Hixon's 12-guage shotgun specifically, the expert did not "preclude" Hixon's shotgun either.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Hixon has failed to demonstrate any error in the District Court's analysis. The District Court's factual findings are supported by substantial evidence, and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. *See Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861.

¶9     Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE